**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| AVIATION PROFESSIONALS | ) | |
| INSTITUTE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **2:06CV257WL** |
| | ) | |
| v. | ) | Cause No. |
| | ) | (JURY TRIAL DEMANDED) |
| GARY/CHICAGO INTERNATIONAL | ) | |
| AIRPORT AUTHORITY and | ) | |
| CITY OF GARY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, aver on knowledge as to itself and its own acts and on information and belief as to all other matters, as follows:

## THE PARTIES

1.     That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, is a domestic limited liability company doing business within the State of Indiana, more specifically leasing a hanger located at the Gary/Chicago International Airport, 6001 West Industrial Highway, Gary, IN 46406.

2.     That based upon information and belief Defendant, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY, is a local airport authority doing business within Indiana, more specifically owning or leasing an airport located at Gary/Chicago

1

International Airport, 6001 West Industrial Highway, Gary, IN  46406.  Based upon information and belief Defendant, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY, may be served through their executives and attorney, respectively: Pastor Marion J. Johnson, Jr., President, Gary/Chicago International Airport Authority, 6001 West Industrial Highway, Gary, IN  46406; Paul Karras, Airport Director, Gary/Chicago International Airport Authority, 6001 West Industrial Highway, Gary, IN  46406; Patrick Lyp, Blachly, Tabor, Bozik & Hartman, LLC, 56 Washington Street, Suite 401, Valparaiso, IN  46383.

3.      That the Defendant, the CITY OF GARY, is the owner of the Chicago/Gary International Airport Authority, of which, the Executive Branch of the City, through the office of the Mayor, appoints all Board Members to serve as directors of the Chicago/Gary International Airport Authority.

## JURISDICTION AND VENUE

4.      That this Court has subject matter jurisdiction under 28 U.S.C. §1337 (commerce and antitrust regulation) and 28 U.S.C. §1331 (federal question), as this action arises under Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§1, 2 and 3; Sections 1, 3, 4 and 16 of the Clayton Act, 15 U.S.C. §§13, 15, 15(a) and 26; and 49 U.S.C. §40103.  This Court has supplemental subject matter jurisdiction of the pendent state law claims under 28 U.S.C. §1367.

5.     That venue is proper because Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, resides and is found in this district within the contemplation of 28 U.S.C. §1391(b) and (c) and as provided in Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§15 and 22.

## PRELIMINARY STATEMENT

6.     That similar to Standard Oil at the turn of the Nineteenth Century and Alcoa Aluminum during the Twentieth, Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, holds a monopoly to conduct aeronautical activities, with one (1) of those aeronautical activities being the granting of the rights to import and sell aviation fuel at the Gary/Chicago International Airport.

7.     That similar to Standard Oil at the turn of the Nineteenth Century and Alcoa Aluminum during the Twentieth, Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, created a monopoly to conduct aeronautical activities, with one (1) of those aeronautical activities being the granting of the rights to import and sell aviation fuel at the Gary/Chicago International Airport.

8.     That as compared to Standard Oil and Alcoa Aluminum before it, for over two (2) years has unlawfully maintained it's monopoly by engaging in a relentless, campaign to deny Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, the right to conduct certain aeronautical activity, namely the importation and selling of aviation fuel, at Defendants', GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, International Airport.

3

9.     That as compared to Standard Oil and Alcoa Aluminum before it, over three (3) years has unlawfully maintained a monopoly by engaging in a relentless, campaign to deny Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, the right to conduct certain aeronautical activity, namely the importation and selling of aviation fuel, at Defendants', GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, International Airport.

10.     That consumers and taxpayers ultimately pay the price for these discriminatory practices in the form of: inflated user rates, increased airline fees and augmented personal taxation payments.

## GENERAL FACTUAL BACKGROUND

11.     That on July 15, 2002, Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, and Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, entered into a Large Hanger Lease Agreement.

12.     That on January 15, 2006, Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, and Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, entered into a First Lease Amendment as associated with the Large Hanger Lease Agreement as discussed in Rhetorical Paragraph 8.

13.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have only allowed one (1) specific entity, namely Defendant, GARY JET CENTER, INC., to import and sell aviation fuel.

4

14.   That   Defendants,   GARY/CHICAGO   INTERNATIONAL   AIRPORT AUTHORITY and CITY OF GARY, have only allowed one (1) specific entity, namely, GARY JET CENTER, INC., exclusive right to import and sell aviation fuel.

15.   That   Defendants,   GARY/CHICAGO   INTERNATIONAL   AIRPORT AUTHORITY and CITY OF GARY, have also granted one (1) specific entity, GARY JET CENTER, INC., advance options and preferences in the import and sale of this aviation fuel.

16.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 3, Section 1, within the Airport Compliance Handbook provides:

> "Chapter 4 of this Order describes the responsibilities assumed by the owners of the public use airports developed with Federal Funds. Among these is the obligation to make all airport facilities and services available on fair and reasonable terms without unjust discrimination. This covenant enjoins the airport owner from granting any special privilege or monopoly in the use of public use airport facilities. The grant of an exclusive right to provide aeronautical services at an airport on which Federal funds have been expended is specifically forbidden by the Federal Aviation Act of 1958."

17.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 3, Section 8, within the Airport Compliance Handbook provides:

> "The FAA has concluded that the existence of exclusive right to conduct any aeronautical activity at an airport limits the usefulness of the airport and deprives the using public of the benefits of a competitive enterprise. Apart from legal considerations, the FAA considers it inappropriate to provide Federal funds for improvements to airports where the benefits of such improvements will not be fully realized due to the inherent restrictions of an exclusive monopoly on aeronautical activities."

18.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 3, Section 9, within the Airport Compliance Handbook provides in part:

"…The advance grant of options or preferences (including right of first refusal) on all future sites to the incumbent enterprise must be viewed as an exclusive right."

19.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 4, Section 14, within the Airport Compliance Handbook provides:

"Each FBO (Fixed Base Operator) at any airport shall be subject to the same rates, fees, rentals, and other charges as are uniformly applicable to all other FBO's making the same or similar uses of such airport utilizing the same or similar facilities."

20.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 5, Section 8, Sub-Section 5, within the Airport Compliance Handbook provides in part:

"There must be no evidence of an intent to deny any qualified enterprise the right to conduct an aeronautical activity…"

21.   That under the Department of Transportation Federal Aviation Administration Order 5190.6(a), Chapter 5, Section 8, Sub-Section 6, within the Airport Compliance Handbook provides in part:

"The owner is in compliance if the airport is available to the public under fair, equal, reasonable, and nondiscriminatory conditions, and with adequate provisions for the operation of all facilities on a continuing basis. Additionally, the owner must not have entered into any agreements which preclude the owner of its rights and powers and must not be in violation of the exclusive rights provision…"

6

22.     That under the Federal Aviation Administration Advisory Circular AC No.

150/5190-5, Section 1, Sub-Section 2, it provides:

> "The FAA has concluded that the existence of an exclusive right to
> conduct any aeronautical activity at an airport limits the usefulness of the
> airport and deprives the using public of the benefits that flow from a
> competitive enterprise.   In effect, the FAA considers it inappropriate to
> grant Federal funds for improvements to airports where the benefits of
> such improvements will not be fully realized due to the inherent restrictions
> of a local monopoly on aeronautical activities at the airport.
> An exclusive rights violation occurs when the airport sponsor excludes
> others, either intentionally or unintentionally, from participating in an on-
> airport aeronautical activity.   The effect of a prohibited exclusive rights
> agreement can be manifested by an express agreement, unreasonable
> minimum standards, or by any other means.    Significant to an
> understanding of the exclusive rights policy is the recognition that it is the
> impact of the activity, and not the sponsor's intent to create such impact,
> that constitutes an exclusive rights violation."

23.     That under the 49 U.S.C. §47107(a)(4), it provides:

"a person providing, or intending to provide, aeronautical services to the
public will not be given an exclusive right to use the airport, …"

24.     That under the 49 U.S.C. §47107(a)(5), it provides:

"fixed-base operators similarly using the airport will be subject to the same
charges:"

## CLAIMS FOR RELIEF

### *COUNT I*
### *Willful Maintenance of a Monopoly*
### *In Violation of Sherman Act, Section 2*

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their

undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO

INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and for its first claim of

relief alleges:

1-24.   That the above named Plaintiff incorporates by reference the allegations continued in Rhetorical Paragraph One (1) through Twenty-Four (24) of this Complaint.

25.   That the right to sell certain aviation fuel is a relevant product market within the meaning of the antitrust laws.

26.   That the relevant geographic market is the any consumer within Chicago land area using the Gary/Chicago International Airport.

27.   That the relevant geographic market is any local, domestic, or international consumer using the Gary/Chicago International Airport.

28.   That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, possesses monopoly power in the relevant market, maintaining One-Hundred Percent (100%) control over any aviation fuel sold at the Gary/Chicago International Airport.

29.   That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to establish and maintain a monopoly in the relevant market, for any aviation fuel sold at the Gary/Chicago International Airport.

30.   That substantial barriers to entry and expansion exist in the relevant market.

31.   That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have the power to control prices and exclude competition.

8

32. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have unlawfully used their power to control prices and exclude competition.

33. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance a monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, with respect to significant customers, or to an essential portion of the market. They have done so with the intent to maintain a monopoly in the relevant market.

34. That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, has suffered and will continue to suffer injury to its business and property.

35. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, conduct has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition and consumer choice.

9

### COUNT II
### Willful Discrimination in Price, Services and/or Facilities
### In Violation of Clayton Act, Section 1

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and for its second claim of relief alleges:

1-35.   That the above named Plaintiff incorporates by reference the allegations continued in Rhetorical Paragraph One (1) through Thirty-Five (35) of this Complaint.

36.   That the right to sell certain aviation fuel is a relevant product market within the meaning of the antitrust laws.

37.   That the relevant geographic market is the any consumer within Chicago land area using the Gary/Chicago International Airport.

38.   That the relevant geographic market is any local, domestic, or international consumer using the Gary/Chicago International Airport.

39.   That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, possesses monopoly power in the relevant market, maintaining One-Hundred Percent (100%) control over any aviation fuel sold at the Gary/Chicago International Airport.

40.   That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to establish and maintain a monopoly in the relevant market, for any aviation fuel sold at the Gary/Chicago International Airport.

41.    That substantial discriminatory barriers to entry and expansion exist in the relevant market.

42.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY Y, have the power to control prices and discriminate against competition.

43.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, with respect to significant customers, or to an essential portion of the market. They have done so with the intent to maintain its monopoly in the relevant market.

44.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance a monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve any or any efficient scale of trade within the relevant market.

11

45.     That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, has suffered and will continue to suffer injury to its business and property.

46.     That Defendants', GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, discriminatory conduct has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition and consumer choice.

### COUNT III
### Granting of Exclusive Right
### In Violation of Federal Aviation Act

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and for its third claim of relief alleges:

1-46.   That the above named Plaintiff incorporates by reference the allegations continued in Rhetorical Paragraph One (1) through Forty-Six (46) of this Complaint.

47.     That the right to sell certain aviation fuel is a relevant product market within the meaning of the antitrust laws.

48.     That the relevant geographic market is the any consumer within Chicago land area using the Gary/Chicago International Airport.

49.     That the relevant geographic market is any local, domestic, or international consumer area using the Gary/Chicago International Airport.

50.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, possesses monopoly power in the relevant market,

maintaining One-Hundred Percent (100%) control over any aviation fuel sold at the Gary/Chicago International Airport.

51.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to establish and maintain a monopoly in the relevant market, for any aviation fuel sold at the Gary/Chicago International Airport.

52.     That substantial discriminatory barriers to entry and expansion exist in the relevant market.

53.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have the power to control prices, discriminate against competition and grant an exclusive right concerning aviation fuel.

54.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have unlawfully used its power to control prices, discriminate against competition and grant an exclusive right concerning aviation fuel.

55.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF

GARY, with respect to significant customers, or to an essential portion of the market. They have done so with the intent to maintain its monopoly in the relevant market.

56.   That   Defendants,   GARY/CHICAGO   INTERNATIONAL   AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance a monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully   exclusionary   behavior   designed   to   keep   Plaintiff,   AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve any or any efficient scale of trade within the relevant market.

57.   That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, has suffered and will continue to suffer injury to its business and property.

58.   That   Defendants,   GARY/CHICAGO   INTERNATIONAL   AIRPORT AUTHORITY and CITY OF GARY, granting of an exclusive right concerning aviation fuel has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition and consumer choice.

### COUNT IV
**Combinations in Restraint of Trade**
**In Violation of Indiana Code §24-1-1 et. seq.**

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and for its fourth claim of relief alleges:

14

1-58.    That the above named Plaintiff incorporates by reference the allegations continued in Rhetorical Paragraph One (1) through Fifty-Eight (58) of this Complaint.

59.    That the right to sell certain aviation fuel is a relevant product/article within the meaning of the Indiana Code §24-1-1 et. seq.

60.    That under Indiana Code §24-1-1-1, it provides as follows:

"From and after April 14, 1897, all arrangements, contracts, agreements, trusts or combinations between persons or corporations who control the output of any article of merchandise, made with a view to lessen, or which tend to lessen, full and free competition in the importation or sale of articles imported into this state, and all arrangements, contracts, agreements, trusts, or combinations between persons or corporations who control the output of said article of merchandise, designed, or which tend to advance, reduce, or control the price or the cost to the producer or to the consumer of any such product or article, are hereby declared to be against public policy, unlawful, and void."

61.    That the relevant geographic market is the any consumer within Chicago land area using the Gary/Chicago International Airport.

62.    That the relevant geographic market is any consumer using the Gary/Chicago International Airport.

63.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, possess monopoly power in the relevant market, maintaining One-Hundred Percent (100%) control over any aviation fuel sold at the Gary/Chicago International Airport.

64.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to establish and maintain a monopoly in the relevant market, for any aviation fuel sold at the Gary/Chicago International Airport.

65.     That substantial discriminatory barriers to entry and expansion exist in the relevant market.

66.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have the power to control prices and discriminate against competition.

67.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to control prices and discriminate against competition.

68.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, with respect to significant customers, or to an essential portion of the market. They have done so with the intent to maintain its monopoly in the relevant market.

69.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance a monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION

PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve any or any efficient scale of trade within the relevant market.

70.     That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, has suffered and will continue to suffer injury to its business and property.

71.     That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, discriminatory conduct has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition and consumer choice.

### COUNT V
**Combinations Restraining Trade**
**In Violation of Indiana Code §24-1-2 et. seq.**

Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, by and through their undersigned Counsel, and for its complaint against Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and for its fifth claim of relief alleges:

1-71.   That the above named Plaintiff incorporates by reference the allegations continued in Rhetorical Paragraph One (1) through Seventy-One (71) of this Complaint.

72.     That the right to sell certain aviation fuel is a relevant merchandise/commodity within the meaning of the Indiana Code §24-1-2 et. seq.

73.     That under Indiana Code §24-1-2-1, it provides as follows:

"Every scheme, contract, or combination in restraint of trade or commerce, or to create or carry out restrictions in trade or commerce, or to deny or refuse to any person participation, on equal terms with others, in any telegraphic service transmitting matter prepared or intended for public use,

17

or to limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or to prevent competition in manufacturing, within or without this state, is illegal, but this chapter may not be construed to apply to or repeal, modify or limit, or make unlawful any of the powers, rights or privileges now existing or conferred by law upon any person. A person who makes such a contract, engages in such a combination, or enters into such a scheme, or does within this state any act in furtherance of such a contract, combination, or scheme entered into without this state, commits a Class A misdemeanor. However, it is a defense to any action growing out of any violation of any law relating to the subject-matter of this chapter for the defendant to prove that the violation is not in restraint of trade or commerce, or does not restrict trade or commerce, limit or reduce the production, or increase or reduce the price of merchandise or any commodity, or prevent competition in manufacturing."

74.    That the relevant geographic market is the any consumer within Chicago land area using the Gary/Chicago International Airport.

75.    That the relevant geographic market is any consumer using the Gary/Chicago International Airport.

76.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, possess monopoly power in the relevant market, maintaining One-Hundred Percent (100%) control over any aviation fuel sold at the Gary/Chicago International Airport.

77.    That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to establish and maintain a monopoly in the relevant market, for any aviation fuel sold at the Gary/Chicago International Airport.

78.    That substantial discriminatory barriers to entry and expansion exist in the relevant market.

18

79. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have the power to control prices and discriminate against competition.

80. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have used its power to control prices and discriminate against competition.

81. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance its monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve a minimum efficient scale of operation needed to become a viable substitute for Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, with respect to significant customers, or to an essential portion of the market. They have done so with the intent to maintain its monopoly in the relevant market.

82. That Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have engaged in conduct with anticompetitive effects to unlawfully maintain and enhance a monopoly in the relevant market and to keep prices high, to stifle competition and to eliminate consumer choice through unlawfully exclusionary behavior designed to keep Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, weak, undersized, and unable to achieve any or any efficient scale of trade within the relevant market.

19

83.   That Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, has suffered and will continue to suffer injury to its business and property.

84.   That Defendants', GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, discriminatory conduct has caused and will continue to cause injury to the relevant market in the form of higher prices and reduced competition and consumer choice.

## DEMAND FOR TRIAL BY JURY

99.   That pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, demands a trial by jury of all issues so triable under the law.

100.   That this is the first application for extraordinary relief, and no other judge has refused such relief as is sought herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, prays this Court:

A.   Find that Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, are wrongfully maintaining its monopoly in any aviation fuel sold at the Gary/Chicago International Airport in violation of Section 2 of the Sherman Act and award Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. §15(a).

B.    Find that Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, are wrongfully maintaining a monopoly in any aviation fuel sold at the Gary/Chicago International Airport in violation of Section 2 of the Sherman Act and award Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, treble damages in an amount to be proven at trial, pursuant to Section 4 of the Clayton Act, 15 U.S.C. §15(a).

C.    Find that Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have secretly and discriminatorily extended certain service providers special privileges, all in violation of Indiana Code §24-1-1 et. seq. and Indiana Code §24-1-2 et. seq.

D.    Find that Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY, CITY OF GARY and GARY JET CENTER, INC., have intentionally interfered with valuable business relationships of Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, to its economic detriment and award Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, damages in an amount to be proven at trial for its resulting losses, as well as punitive damages, as permitted by law.

E.    Find that Defendants, GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, have intentionally interfered with valuable business relationships of Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, to its economic detriment and award Plaintiff, AVIATION PROFESSIONALS INSTITUTE, LLC, damages in an amount to be proven at trial for its resulting losses, as well as punitive damages, as permitted by law.

F.      Grant   injunctive   relief   prohibiting   Defendants,   GARY/CHICAGO
INTERNATIONAL AIRPORT AUTHORITY and CITY OF GARY, and all persons, firms
and corporations acting on its behalf or under its direction or control from engaging in
any further conduct unlawful under Section 2 of the Sherman Act, Indiana Code §24-1-1
et. seq. and/or Indiana Code §24-1-2 et. seq.

G.      Award  Plaintiff,  AVIATION  PROFESSIONALS  INSTITUTE,  LLC,  such
other, further and different relief as may be necessary or appropriate to restore and
maintain  competitive  conditions  in  the  monopoly  existing  at  the  Gary/Chicago
International Airport concerning the import and sale of aviation fuel.

H.      Award   Plaintiff,   AVIATION   PROFESSIONALS   INSTITUTE,   LLC,
attorney's fees and costs of this action.


                              Respectfully submitted,


                              _____
                              George C. Paras, Attorney No. 6318-45
                              Attorney for Plaintiff,
                              Aviation Professionals Institute, LLC
                              1000 E. 80th Place, Suite 415, North Tower
                              Merrillville, IN  46410
                              Tel. 219.736.2112
                              Fax 219.736.9212