```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

AVIATION PROFESSIONALS          )
INSTITUTE, LLC,                 )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:06 cv 257
                                )
GARY/CHICAGO INTERNATIONAL      )
AIRPORT AUTHORITY and CITY      )
OF GARY,                        )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Plaintiff's Second Motion For Extension to [sic] Time to Respond to Defendant's, City of Gary, Motion to Dismiss Pending the Answering of Discovery filed by the plaintiff, Aviation Professionals Institute, LLC, on October 19, 2006. For the reasons set forth below, the motion is **DENIED**.

Background

Aviation Professionals leases a hangar at the Gary/Chicago International Airport. In its complaint against the City of Gary and the Gary/Chicago International Airport Authority, the plaintiff alleges that this lease was entered into with both the Airport Authority and the City of Gary. The complaint alleges that the defendants engaged in conduct that created a monopoly regarding the sale of aviation fuel. As a result, the plaintiff has asserted federal claims under the Sherman Act and the Federal Aviation Act, as well as sections of the Indiana Code prohibiting restraints in trade.

On September 7, 2006, the City of Gary filed a motion to dismiss the City as a party to this matter. In support of this motion, the City argued that the Airport Authority is an independent municipal entity with exclusive control over the airport's assets. Consequently, according to the City's argument, the Airport Authority is the only entity which may be sued. On October 4, 2006, the plaintiff sought an enlargement of 30 days to respond to the City's motion to dismiss based upon schedule conflicts. This motion was granted. (DE 12)

Before the expiration of this period, the plaintiff filed the motion for extension of time now before the court. In this motion, the plaintiff seeks an extension of 60 days for the purpose of conducting discovery which will "likely produce facts necessary to defeat" the motion to dismiss. Specifically, the plaintiff seeks discovery regarding the City of Gary's role in appointing the board of the Airport Authority, controlling the airport's budgets, selling, leasing or transferring assets to the airport, and any indebtedness between the two defendants. The City of Gary filed a response to the motion to extend time that largely focused upon the merits of its motion to dismiss. The plaintiffs did not file a reply brief.

### Discussion

Both parties mistake the context of this motion to extend time and reach toward the merits of the pending motion to dismiss. The defendant's arguments in objection to the extension of time are in fact arguments in support of its motion to dismiss.

2

That matter is not before the court, because the standard governing a motion to dismiss is controlling. In reviewing a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint, draws all reasonable inferences in favor of the plaintiff, and grants a motion to dismiss only if a plaintiff "cannot prove any set of facts that would entitle it to relief." *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004).

The plaintiff's sole basis for seeking additional time to conduct discovery is, in its own words, to generate facts. However, the need to generate a factual basis for the allegations in the complaint is not required.  Everything alleged will be accepted as true for the purposes of ruling on that motion. The sufficiency of those allegations, assumed true, will be addressed by the district court when it rules on the motion to dismiss.

The defendant's motion to dismiss also does not present the need to convert it into a motion for summary judgment.  Federal Rule of Civil Procedure 12(b) provides that if, in addressing a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." The City of Gary has not presented matters outside the pleadings. Rather, the motion seeks dismissal solely on the basis of the distinct legal status between the City and the Airport Authority.

Finally, the court notes that the City of Gary, while resisting the plaintiff's motion to extend its response time in

3

order to conduct discovery, has not sought to stay discovery and has not objected to the plaintiff's discovery requests. See *Cohn v. Taco Bell Corp*., 147 F.R.D. 154, 162 (N.D. Ill. 1993) ("[M]otions to stay discovery are not favored and are rarely appropriate where the resolution of the dispositive motion may not dispose of the entire case."). There is no bar to the plaintiff's ongoing discovery. However, the plaintiff has not provided good cause for delaying its response to the pending motion to dismiss.

Accordingly, the plaintiff's motion to extend its time to respond to the defendant's motion by 60 days is **DENIED**. Plaintiff shall file its response no later than **January 29, 2007**.

ENTERED this 12th day of January, 2007

                                      s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge